WESTERN DIST.
Oct. 1838.

BULLOCK
vs.
NALLY ET AL.

it is a waiver of service of citation, and he cannot afterwards except for want of such service, and want of proof of the plaintiffs capacity to sue.

</div>

---

## BULLOCK vs. NALLY ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT FOR THE PARISH OF RAPIDES, THE JUDGE OF THE DISTRICT PRESIDING.

The plaintiff may strike out special endorsements on a note in suit, at the time of the trial.

It is no objection that a note is made a part of the petition, to the right of the plaintiff to strike out special endorsements at the trial; for it is made part, only with a view to verify what is written, and does not require proof of the signature which may be stricken out.

This is an action against the endorsers of a promissory note.

At the trial the plaintiff obtained leave of the court to strike out some special endorsements, following the signatures of the defendants. It was objected to by the defendant's counsel, and permitted by the court.

There was judgment for the plaintiff, and the defendants appealed.

*Winn,* for the plaintiff.

*Dunbar, contra.*

WESTERN DIST.

*Oct.* 1838.

BULLOCK
*vs.*
NALLY ET AL.

The plaintiff may strike out special endorsements on a note in suit, at the time of the trial.

It is no objection that a note is made *a part* of the petition, to the right of the plaintiff to strike out special endorsements at the trial, for it is made part, only with a view to verify what is written, and does not require proof of the signatures which may be stricken out.

*Carleton, J.,* delivered the opinion of the court.

The petitioner alleges, that he is the holder of a promissory note, drawn by William Bailey, payable to the order of Otho W. Nally, who endorsed it to Thomas & Dawson, by whom it was endorsed to the petitioner. The note is annexed and made part of the petition.

The defendants plead the general issue; there was judgment for the plaintiff, and the defendant appealed.

At the trial of the cause, plaintiff's counsel asked leave of the court to strike out the special endorsements, written at the foot of the defendants' names, to which defendants' counsel objected; but the court overruled the objection, and it was struck out accordingly.

Defendant's counsel now insists, that the court erred, inasmuch as the plaintiff having declared that the note made a part of his petition, it was equivalent to setting out the special endorsement in the petition itself; wherefore, it became necessary to prove the signatures affixed to it, and cited 2d Starkie on evidence, pages 248, 249, 246, 244.

We think the court did not err, for the note was made part of the petition, only with the view to verify what is therein stated, to wit, that it was endorsed by Otho W. Nally, and Thomas & Dawson, and for no other purpose.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.